## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **ED CV 16-1662 FMO (Ex)** | Date | **August 12, 2016** |
|---|---|---|---|
| Title | **Health in Motion, LLC v. Inspire Fitness, Inc.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue**

On July 28, 2016, plaintiff Health in Motion, Inc. ("plaintiff") filed this action against defendant Inspire Fitness, Inc. ("defendant"), asserting causes of action for federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark cancellation under 15 U.S.C. § 1064, and "common law" unfair competition. (See Dkt. 1, Complaint at ¶¶ 16-35). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 2). Plaintiff further alleges that venue is proper because defendant is "subject to personal jurisdiction in this District" and "because a substantial part of the events giving rise to the claims occurred in this District." (See id. at ¶ 6).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home" there. Id. at 761 (quotation and alteration marks omitted). Specific jurisdiction applies when the cause of action "is related to or arises out of a defendant's contacts with" the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Specific jurisdiction does not apply unless a defendant commits an act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The defendant must have sufficient "minimum contacts" with the forum state "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 & 297 (1980). The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff alleges that the court "has personal jurisdiction over Defendant, as Defendant's conduct directly affects Plaintiff which resides in this judicial district[.]" (Dkt. 1, Complaint at ¶ 5). Plaintiff does not allege any specific contacts between defendant and the state of California, nor does plaintiff allege how its causes of action arise out of or relate to those contacts. (See, generally, id.). Plaintiff also does not allege any facts showing that the events giving rise to this

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 16-1662 FMO (Ex)** | Date | **August 12, 2016** |
|---|---|---|---|
| Title | **Health in Motion, LLC v. Inspire Fitness, Inc.** | | |

litigation occurred in this district.  (See, generally, id.).  Accordingly, IT IS ORDERED THAT no later than **August 26, 2016**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order**.

00      :      00

Initials of Preparer _____ vdr _____